IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLEY D. IAMES                                                                              PLAINTIFF

      v.               CIVIL NO. 2:17-cv-2138-PKH

NANCY A. BERRYHILL, Acting Commissioner
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF Nos. 20, 21). The Defendant has filed a response, and the matter is now ripe for resolution. (ECF No. 22).

On September 26, 2018, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,908.30 representing a total of 20.05 attorney hours in 2017 at an hourly rate of $192.00, 2.20 attorney hours in 2018 at an hourly rate of $196.00, and 21.70 paralegal hours at an hourly rate of $75.00. (ECF No. 20). On September 27, 2018, the Defendant filed a response objecting to Plaintiff's request for compensation for the filing of a motion for extension of time. (ECF No. 22).

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly

attorney's fees of more than $75.00 an hour); and, *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). The Court, however, agrees with the Defendant's objection to the 0.183 attorney hours requested in 2017 for the completion of the motion for extension of time. Accordingly, the undersigned finds that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,837.16 (representing 19.87 attorney hours in 2017 at $192.00 + 2.20 attorney hours in 2018 at $196.00 + 21.70 paralegal hours at $75.00).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), however, the EAJA fee award should be made payable to Plaintiff. Thus, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**IV. Conclusion:**

Accordingly, the Plaintiff is awarded the sum of **$5,837.16** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 22nd day of October, 2018.

                                     /s/ *P. K. Holmes* III
                                     P. K. HOLMES, III
                                     CHIEF U.S. DISTRICT JUDGE